UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-24543-Lenard

WILMORE TAPANES, and all others
similarly situated

       Plaintiff,

vs.

TREMONT TOWING, INC., a Florida
Corporation, and MANNY E. DIAZ,
JR., individually,

       Defendants.

_____/

# **AMENDED COMPLAINT**

COMES NOW Plaintiff, WILMORE TAPANES, by and through his undersigned attorney, and hereby sues Defendants, TREMONT TOWING, INC., a Florida Corporation, and MANNY E. DIAZ, JR., individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant TREMONT is a Florida corporation which regularly conducted business within the Southern District of Florida by operating a towing company.

6. TREMONT is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, TAPANES and at least one other employee of TREMONT would routinely handle and use tow-truck tools, equipment and materials that had travelled in interstate commerce, including but not limited to road flares, safety cones, triangle reflectors, fire extinguisher, axe, sledgehammer, jack, jumper cables and/or jump box, bolt cutters, screwdrivers, wrenches, tow lights, snatch blocks, winches, flashlights, first-aid kits, safety chains, tie-down straps, reflective vest and/or shirts. In addition, TAPANES and at least one other employee of TREMONT would routinely transport domestic and foreign made vehicles which were manufactured outside the State of Florida. The tools, equipment, vehicles and materials that Tapanes, and at least one other employee handled on a regular and consistent basis, had travelled in interstate commerce. Furthermore, TREMONT, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of TREMONT was at all times material hereto in excess of $500,000.00 per annum. TREMONT gross annual revenue in excess of $500,000, for the year of 2013, 2014 and 2015. TREMONT had gross annual revenue in excess of $250,000, during the first half of 2016. Upon information and belief, the gross annual revenue for TREMONT is expected to reach over $500,000.00 for the year of 2016.

8. By reason of the foregoing, TREMONT is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, DIAZ, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant DIAZ controlled the purse strings for the corporate Defendant. Defendant DIAZ hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as a non-exempt tow-truck driver who performed his duties within South Florida.

12. Plaintiff was employed from on or about March, 2005 through October 6, 2016.

13. Plaintiff worked approximately 65 hours per week.

14. Plaintiff was paid between approximately $400 and $600 per week. Plaintiff was not paid overtime wages when he worked more than 40 hour per week. Plaintiff was not even paid minimum wage, as set further in Count II of this Complaint. Therefore, Plaintiff claims the halftime rate for each hour worked over 40 hours weekly.

15. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

16. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

17. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime wages. Defendants continue to willfully violate the FLSA despite having been sued for overtime wages.

18. The similarly situated individuals are those individuals whom were employed by the Defendants as tow truck drivers like the Plaintiff, and whom were not paid overtime wages.

19. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards

Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

## COUNT II. CLAIM FOR FLSA MINIMUM WAGES

20. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

21. Plaintiff was employed by the Defendants as a non-exempt tow-truck driver.

22. Plaintiff was employed from on or about March, 2005 through October 6, 2016.

23. Plaintiff worked approximately 65 hours per week.

24. Plaintiff was paid between approximately $400 and $600 per week.

25. The FLSA guarantees that employees be paid a minimum wage for each worked.

26. During several weeks of Plaintiff's employment, during the last three years of his employment, Plaintiff was not paid FLSA minimum wages.

27. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage she was due. Defendants are also aware of the provisions of the FLSA as they were previously sued under the statute.

28.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: January 18, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Amended Complaint was sent via CM/ECF to Meghan E. Paraschak, Esq., The Orlofsky Law Firm, P.L., 767 Arthur Godfrey Road, Miami Beach, Florida 33140, Fax: (305) 907-5248, Email: meghan@orlofskylawfirm.com on this 18th day of January, 2017.

>Mamane Law LLC
>By: */s/ Isaac Mamane*
>ISAAC MAMANE, esq.
>*Co-counsel for Plaintiffs*
>Florida Bar No. 44561
>1150 Kane Concourse, Second Floor
>Bay Harbor Islands, FL 33154
>Tel: (305) 773 - 6661
>E-mail: mamane@gmail.com